## Elias F. Grinstead et al. *v.* Jacob F. Fonte.

1. Executor and administrator: survivorship.—The legal title to a bill single, payable to two joint executors, upon the final settlement and *discharge* of one, is vested in the other, and he may maintain suit on it in his own name; and it makes no difference, in this respect, that the executors gave separate bonds, each administering a portion of the assets separately from the other, and that the bill single was taken by the discharged executor in the course of his separate administration.

2. Same: effect of final settlement.—The mere settlement of a final account, by an executor, does not discharge him from his office as trustee in respect to matters not embraced in the account; and he may afterwards maintain a suit as executor, to enforce the collection of *choses in action* due to him in his trust capacity.

3. Pleading.—Under the new Pleading Act of 1850, the defendant is not bound to state his defence specially in all cases; but may plead the general issue as at common law.

In error from the Circuit Court of Lawrence county. Hon. John E. M'Nair, judge.

The defendant in error, as executor of one T. Y. Grinstead, sued the plaintiffs in error as makers of a bill simple, dated 2d January, 1852, and payable to the plaintiff in error and one Hilliard, jointly, as executors of said Grinstead. The complaint showed that Hilliard had, since the execution of said note, resigned his letters testamentary, and made a final settlement and been discharged.

The plaintiffs in error filed two pleas as follows:—

1st. And the said defendants, for answer to said complaint, say they are not indebted to the said plaintiff as therein alleged and claimed by him

2d. And the said defendants, for further answer, say they are

Grinstead et al. *v.* Fonte.

not bound to pay to plaintiff the amount of said bond sued on, because they say that said plaintiff and said John H. Hilliard, were appointed executors of T. Y. Grinstead, deceased, at the July term, A. D. 1847, of the Probate Court of Lawrence county, and entered into a joint bond in the sum of $100,000, as such executors, with security, under the order of said court; and that at the December term, 1847, of said court, upon petition of some of the legatees, said executors were ordered to give additional security; and that at the January term, A. D. 1848, of said Probate Court, the said executors gave new bond, with other security: that is to say, the said Hilliard gave a several bond as executor as aforesaid, in the sum of $50,000, with security, and the said plaintiff gave a several bond, as executor as aforesaid, in the sum of $50,000, with security; and that the said executors thereafterward, were in all things, except form, separate representatives of said estate, independent of each other, and not liable for each other's acts about the estate. That the bond here sued on was actually made to and went into the hands of said Hilliard, as executor, as aforesaid, as a part of the assets of said estate, for which said Hilliard was liable on his several bond. That, at the January term, A. D. 1853, of the said Probate Court, the said John H. Hilliard made a final settlement of his accounts, as executor, and was discharged. That by the decree so discharging him he was directed to hand over to a receiver, therein appointed by the court, the uncollected assets in his hands, to be kept by said receiver until the further order of said court; and that in pursuance of said order, he delivered the bond sued on to said receiver; and that said receiver has never been ordered to deliver the same to said plaintiff, but is now entitled to the possession and custody thereof; and that said bill never came to the hands of the said plaintiff, from said receiver, in the course of his administration as executor. * * * That at the July term, A. D. 1853, of the said court, the said plaintiff made a final settlement of his accounts as executor, as aforesaid, by which it appeared there was a balance due by him of $3,262, after deducting his commissions, and that said final account was received and confirmed, and the said balance ordered to be paid to the legatees of said Grinstead; that the bond sued on was not embraced in said final

account, and was never administered on or accounted for by him, and that he has obtained possession of the same since his said final settlement, without any legal order from said Probate Court, and not in due course of administration, and that neither he nor said Hilliard has ever paid to the said estate any thing on account of said bond; that both said Hilliard and said plaintiff are now discharged and freed from all further liability to said estate, except for the balance found to be due against them on their said final settlement; and that no other further administration has been taken out on said estate."

Defendants also filed a third plea, relying upon the matter set up in their second plea.

The plaintiff demurred to all the pleas, and his demurrer was sustained. The defendants failing to plead further, judgment was rendered for the plantiff for the amount of said bond and interest; and from this judgment the defendants sued out this writ of error.

*Freeman* and *Dixon*, for plaintiffs in error,

Cited *Henderson* v. *Winchester*, Opinion Book G. 211. See 31 Miss. R. 290.

*W. P. Harris*, for defendant in error,

Cited *Henderson* v. *Winchester*, 31 Miss. R. 290; *Griffith* v. *Frazier*, 8 Cranch, 9; 12 S. & M. 106; 7 How. 138; Williams on Ex. 209, 527, 778.

HANDY, J., delivered the opinion of the court.

This was an action upon a writing obligatory, brought under the Act of 1850, in relation to pleadings in actions at law.

The defendant below pleaded, among other pleas or answers, that he *was not indebted to the plaintiff as alleged in the complaint.* The other pleas went to the right of plaintiff to sue in virtue of his power as executor of the estate of Thomas Y. Grinstead.

The plaintiff filed a demurrer to all the pleas which were sustained, and judgment rendered thereupon for the plaintiff; the defendants failing to answer further.

We think it manifest that the demurrer was properly sustained

as to all the answers except that generally denying the indebtedness.

It is contended, in behalf of the defendant in error, that that answer is contrary to the spirit of the Act of 1850, because it leaves the particular matter of defence, upon which the defendant might rely, entirely uncertain, and without notice to the plaintiff. That is true. But the question is, whether that evil, which existed in the common law forms of pleading, was intended to be remedied by the Act of 1850.

The *forms* of pleadings were clearly intended to be abolished by that Act. But the objection, on the ground of uncertainty, does not pertain to matter of form in pleading. That is an objection to matter of substance, and is perhaps the only substantial defect in the system of pleadings at common law. It is the objection to that system which has been most urged; and it is scarcely to be supposed that, if the legislature intended to remedy the defect by the Act of 1850, it would not have been done in terms not to be mistaken.

Upon examination of the statute, we find no provision which could properly be held to forbid such general modes of answer as would amount, at common law, to pleas of the general issue; and we do not feel authorized to say that such a change was intended to be made.

If the answer, then, amounts to what would be a good plea of the general issue at common law, or if, without regard to the *form* of the action, it shows a defence which, if established by any of the rules of evidence known to the law, would defeat the action, we think it is not prohibited by this statute.

Under this view, the judgment sustaining the demurrer to this plea is erroneous, but correct as to the other pleas.

Judgment reversed, and cause remanded.